UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 21, 2020

LETTER TO COUNSEL

RE: *Stormy A. v. Saul*
Civil No. DLB-18-717

Dear Counsel:

Vincent J. Piazza, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF No. 25. In response, the Commissioner asked the Court to consider whether Mr. Piazza's requested amount constitutes a reasonable fee. ECF No. 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Piazza's motion for attorney's fees is GRANTED.

On January 8, 2019, this Court awarded Mr. Piazza $4,088.50 for 22.10 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF Nos. 22-2, 24. Plaintiff subsequently received an Award Notice, in which she was awarded $43,846.60 in past due benefits. ECF No 25-3. On August 18, 2020, Mr. Piazza filed a petition seeking $10,961.65 in attorney fees. ECF No. 25. Mr. Piazza has agreed to reimburse plaintiff for EAJA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Piazza and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Piazza twenty-five percent of all retroactive benefits to which she might become

*Stormy A. v. Saul*
Civil No. DLB-18-717
September 21, 2020
Page 2

entitled. ECF No. 25-1. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Piazza submitted an itemized report documenting 22.10 chargeable hours he worked on plaintiff's case in this court. *See* ECF No. 22-2. If Mr. Piazza receives the full amount of fees he requests, his fee for representation will effectively be $496.00 per hour. Mr. Piazza must therefore show that an effective rate of $496.00 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Piazza has been practicing law for over 20 years. ECF No. 25 at 2. The presumptively reasonable rate for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court is $300.00 to $475.00 per hour. *See* Loc. R. App'x B (D. Md. 2018). Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Piazza's motion seeking attorney's fees, ECF No. 25. This Court will award Mr. Piazza attorney's fees totaling $10,961.65. Mr. Piazza is directed to reimburse to plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

> Sincerely yours,
>
> /s/
>
> Deborah L. Boardman
> United States Magistrate Judge

---

[1] NOTE: This discussion of the Local Rules and presumptively reasonable hourly rates are generally in a footnote, but Mr. Piazza did not indicate his typical hourly rate so I moved it into the body.